IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

CHING PING CHEUNG,

    Plaintiff,

v.

6213.COM, an Internet domain name, and
JOHN DOE,

    Defendants.

Civil Action No. 17-cv-00258-CMH-IDD

## PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION FOR ORDER TO PUBLISH NOTICE OF ACTION

Plaintiff Ching Ping Cheung ("Plaintiff" or "Mr. Cheung"), by counsel, submits this Memorandum of Law in Support of its Motion for an Order to publish notice of this action regarding the Internet Domain Name 6213.com (the "Domain Name").

### I. FACTS

On March 6, 2017, Plaintiff filed its Verified Complaint in this action (the "Complaint") (ECF No. 1). The Complaint asserts claims under the Anticybersquatting Consumer Protection Act, 15 U.S.C. § 1125(d), the Computer Fraud and Abuse Act, 18 U.S.C. § 1030, the Electronic Communications Privacy Act, 18 U.S.C. §§ 2701, 2707, and related claims arising from the unauthorized access to Plaintiff's secured computer account and the unauthorized transfer of the Domain Name.

Mr. Cheung is the legal owner of the Defendant Domain Name and has been the owner of the 6213.com domain name using the name "admin 6213" and Mr. Cheung's mailing address and e-mail address since on or about August 2003. (*Id.* ¶ 14-15 & Ex. B). In July of 2016, Mr.

Cheung paid for renewal of the 6213.com domain name for another nine years, i.e., through the year 2025. (*Id.* ¶ 16). Mr. Cheung used the 6213.com domain name in U.S. commerce for over thirteen years in association with email services and the paid provision of information and advertisements for goods and services. (*Id.* ¶ 17). Mr. Cheung is entitled to common law trademark protection in 6213.com by virtue of his longstanding use of the mark in U.S. and international commerce. (*Id.* ¶ 18).

Mr. Cheung maintains a domain name management account with GoDaddy.com, LLC ("GoDaddy"), an Arizona-based domain name registrar accredited by the Internet Corporation for Assigned Names and Numbers (ICANN). (*Id.* ¶ 22). Mr. Cheung's domain name management account with GoDaddy is maintained on a protected computer and access to the account should be restricted to only those persons that possess Mr. Cheung's user name and password. (*Id.* ¶ 23).

On January 21, 2017, Mr. Cheung noticed that the website and email services associated with the 6213.com domain name had been disabled and he could no longer login to his GoDaddy account. (*Id.* ¶ 25). Mr. Cheung immediately contacted GoDaddy via telephone, obtained access to his account, and noticed that the 6213.com domain name had been transferred to eName Technology Co., Ltd., a common destination registrar for stolen domain names, without his authorization. (*Id.* ¶ 26). Mr. Cheung provided GoDaddy with extensive information and documentation demonstrating that the 6213.com domain name had been stolen, but GoDaddy advised Mr. Cheung that eName refused to return the domain name. (*Id.* ¶ 28). Mr. Cheung contacted eName on January 25, 2017 and provided eName with information and documentation demonstrating that the 6213.com domain name had been stolen from Mr. Cheung, but eName refused to return the domain name. (*Id.* ¶ 29). On January 26, 2017, Mr. Cheung filed a

complaint with ICANN objecting to the unauthorized transfer of the 6213.com domain name. To date, ICANN has not taken meaningful action to obtain the return of the Defendant Domain Name to Mr. Cheung. (*Id.* ¶ 30).

A search of Mr. Cheung's administrative e-mail account reveals that Mr. Cheung never received a notification that the Defendant Domain Name was being transferred. (*Id.* ¶ 27). Such a domain name transfer notification email is required by ICANN. (*Id.*).

On information and belief, John Doe obtained unauthorized access to Mr. Cheung's domain registrar account and manipulated the computer records to obtain the transfer of the Defendant Domain Name through an "account transfer" within GoDaddy or other surreptitious manner intended to avoid detection by Mr. Cheung. (*Id.* ¶ 31). On information and belief, John Doe prevented Mr. Cheung from receiving electronic communications seeking approval for the transfer of the Defendant Domain Name and obtained unauthorized access to such electronic communications so as to approve the transfer. (*Id.* ¶ 32). When the Defendant Domain Name was transferred by John Doe without authorization, the domain name registrant information was changed and the technical settings for the domain name were changed thereby disabling Mr. Cheung's ability to use and control the domain name and associated website. (*Id.* ¶ 33).

The currently listed registrant of the Domain Name is ""lin jiang nan" with a mailing address of Xinglin, xia men shi, fu jian, 361000, cn. (Compl. ¶ 4 & Ex. A). Upon information and belief, John Doe provided material and misleading false contact information when changing the registrant for the Defendant Domain Name from Mr. Cheung to the registrant in that the person or entity identified as the registrant of the Defendant Domain Name is not the true owner of the Domain Name. (*Id.* ¶ 38). In light of the registrant's concealment of the identity of the true registrant of the Defendant Domain Name, Mr. Cheung has been unable to find a person

would have been a defendant in a civil action under the Anticybersquatting Act. (*Id.* ¶¶ 8, 43). In these circumstances, the Anticybersquatting Act authorizes Plaintiff to proceed *in rem* against the domain name. *See* 15 U.S.C. § 1125(d)(2)(A)(ii)(II).

## II. ARGUMENT

The Anticybersquatting Act provides that for *in rem* actions such as this one, service of process shall be made by:

> (aa) sending a notice of the alleged violation and intent to proceed under this paragraph to the registrant of the domain name at the postal and e-mail address provided by the registrant to the registrar; and
>
> (bb) publishing notice of the action as the court may direct promptly after filing the action.

15 U.S.C. § 1125(d)(2)(A)(ii)(II).

Plaintiff has complied with the requirements of subsection (aa) above. Mr. Cheung provided the registrant of the domain name with notice of the alleged violations and Plaintiff's intent to proceed *in rem* under the Anticybersquatting Act, which included a copy of the Complaint. Declaration of Ari S. Meltzer ¶ 6 & Attach. 1 (Mar. 10, 2017), attached hereto as Exhibit A. The notice was sent to the postal and email addresses set forth in the registration for the Domain Name. *Id.* Thus, all that remains to complete service of process is the published notice as ***may*** be directed by the Court.

Section 2(A)(ii)(II)(bb) of the Anticybersquatting Act requires an *in rem* plaintiff to provide notice of the *in rem* proceeding by "publishing notice of the action as the court may direct promptly after filing the action." This Court has, despite the discretionary language of the statute, required publication in *in rem* actions. *See Facton Ltd. v. Gstaronsale.com*, No. 1:10-cv-1165-AJT-JFA, 2011 WL 677107, at *3 (E.D. Va. Feb. 17, 2011) (discussing the Court's conflicting interpretations of Section (bb) and concluding that publication is consistent with the

principles underlying *in rem* jurisdiction). Therefore, Plaintiff requests that the Court issue an order indicating that notice shall be given by a single publication in either *The Washington Post* or *The Washington Times* as set forth in the proposed Order submitted herewith. *See e.g., Intercontinental Data Communications, Ltd. v. Doe*, No. 1:16-cv-613 (LMB/JFA) [Doc. 10] (E.D. Va. June 6, 2016); *Central Source LLC v. annuslcreditreport.com*, No. 1:14-cv-302 (AJT/JFA) [Doc. 8] (E.D. Va. Apr. 21, 2014); *Central Source LLC v. annualdcreditreport.com*, No. 1:14-cv-304 (LO/JFA) [Doc. 7] (E.D. Va. Apr. 21, 2014; *Citigroup Inc. v. citibankthankyourewards.com*, No. 1:14-CV-0855 AJT/TRJ, 2015 WL 222161, at *2 (E.D. Va. Jan. 14, 2015) (finding that single publication was sufficient to satisfy Section 2(A)(ii)(II)); *Rosa Mexicano Brands, Inc. v. rosamexicanopuntademita.com*, No. 1:14-CV-00003, 2014 WL 4181068, at *3 (E.D. Va. Aug. 20, 2014) (same); *Citigroup Inc. v. Citycard.com*, No. 1:12-CV-1389 GBL/JFA, 2013 WL 3759780, at *1 (E.D. Va. July 12, 2013) (same); *RMV Enterprises, LLC v. KSoftware.com*, 2012 WL 4739524, *1 (E.D. Va. Aug. 24, 2012) (finding that under Section 43(d)(2) of the Lanham Act, 15 U.S.C. § 1125(d)(2), "service is accomplished by publishing notice of the action and sending notice of the action to the registrant.").

In addition, Plaintiff requests that the Court grant leave to concurrently serve process by email and publication for Plaintiff's alternative Computer Fraud and Abuse Act, Electronic Communications Privacy Act, quiet title, and conversion claims. Federal Rule of Civil Procedure 4(f)(3) allows service on individuals in a foreign country "by other means not prohibited by international agreement, as the court orders." Service under Rule 4(f)(3) is "neither a last resort nor extraordinary relief . . . [but] merely one means among several which enables service of process on an international defendant." *Advanced Aerofoil Technologies, AG v. Todaro*, 2012 WL 299959, at *1 (S.D.N.Y. Jan. 31, 2012). Service under Rule 4(f)(3) need

only comply with constitutional due process. "In order to fulfill due process requirements under Rule 4(f)(3), the Court must approve a method of service that is reasonably calculated to give notice to defendant." *BP Products N. Am., Inc. v. Dagra*, 232 F.R.D. 263, 264 (E.D. Va. 2005) (internal quotation marks omitted).

This Court recently approved service of process by email, finding that it comports with due process. *WhosHere, Inc. v. Orun*, No. 1:13-cv-00526-AJT-TRJ, 2014 WL 670817, at *3 (E.D. Va. Feb. 20, 2014). This Court also noted that "the decision whether to order alternative service of process under Rule 4(f)(3) is within the sound discretion of the court." *Id.* at *2. Moreover, this Court has approved concurrent service by email and publication for other domain name theft cases including claims for violation of the Computer Fraud and Abuse Act. *See GMF, Inc. v. Doe*, No. 17-cv-00034 (LO/IDD) [Doc. 13] (E.D. Va. Feb. 2, 2017); *Keefe, Jr. v. Doe*, No. 17-cv-00056 (LO/JFA) [Doc. 6] (E.D. Va. Jan. 25, 2017); *Muscle Mass, Inc. v. Doe*, No. 17-cv-00033 (LO/TCB) [Doc. 9] (E.D. Va. Jan. 24, 2017); *Intercontinental Data Communications Ltd.*, No. 1:16-cv-613 (LMB/JFA) [Doc. 10] (E.D. Va. June 6, 2016); *Consumer Source Holding, Inc. v. Does 1-24*, No. 1:13-cv-1512-AJT-JFA [Doc. 21] (E.D. Va. Dec. 23, 2013); *Watson v. Doe*, 1:15-cv-831-AJT-MSN [Doc. 9] (E.D. Va. Aug. 28, 2015); *Acme Billing Co. v. Doe*, 1:14-cv-1379-LO-MSN [Doc. 8] (E.D. Va. Nov. 10, 2014). In *Consumer Source Holding, Inc.*, Plaintiff sued for violations of the Anticybersquatting Consumer Protection Act and the Computer Fraud and Abuse Act, among other claims. The Court ordered Plaintiff to serve all John Doe Defendants by the email addresses, facsimile numbers, and mailing addresses provided in the domain name registrations and stated that this "service shall constitute pursuant to Fed. R. Civ. P. 4(f)(3) proper, authorized service[.]" No. 1:13-cv-1512-AJT-JFA [Doc. 21 at 5].

In another case involving similar facts to the present case, service by email and publication was allowed because:

> (1) Defendants have provided false names and physical address information in their Domain Name in order to conceal their location and avoid liability for their unlawful conduct, (2) Defendants rely primarily on electronic communications to communicate with their registrars and customers, demonstrating that electronic service would be a reliable means of apprising the Defendants of this case, and (3) Plaintiffs were unable to determine the exact physical whereabouts or identities of the registrants of the Domain Name being used[.]

*Tory Burch LLC v. Partnerships & Unincorporated Associations Identified on Schedule A*, No. 13-cv-2059, 2013 WL 1283824, at *9 (N.D. Ill. Mar. 27, 2013).

According to the Whois database, John Doe resides in China. Plaintiff, however, believes that the name and physical address provided in the registration for the Domain Name were fictitious in order to conceal John Doe's identity and avoid liability. As a result, Plaintiff, despite its due diligence, has not been able to identify John Doe. Moreover, the email address for John Doe in the Domain Name registration record was used by John Doe to communicate with the domain name registrar and to perpetrate the theft of the Domain Name. *Id.* (noting that service via an email address from the relevant domain name registration record "would be a reliable means of apprising the Defendants of this case").

Given John Doe's apparent efforts to avoid identification and liability, and John Doe's use of the email address in question, concurrent service of Plaintiff's claims though email and publication is in the public interest. *See U.S. v. Lebanese Canadian Bank SAL*, No. 11-cv-9186, 2012 WL 2035997, at *4 (S.D.N.Y. Jun. 6, 2012). Service of process by email and publication therefore comports with due process and should be allowed.

### III. CONCLUSION

For the reasons set forth above, Plaintiff requests that this motion be granted, that the Court enter the proposed Order submitted herewith, and that the Court grant such further relief as

this Court deems proper.

Dated: March 17, 2017    By:      /s/ Attison L. Barnes, III /s/
                                              Attison L. Barnes, III (VA Bar No. 30458)
                                              David E. Weslow (*for pro hac admission*)
                                              WILEY REIN LLP
                                              1776 K St. NW
                                              Washington, DC 20006
                                              (202) 719-7000 (phone)
                                              (202) 719-7049 (fax)
                                              abarnes@wileyrein.com
                                              dweslow@wileyrein.com

                                              *Counsel for Plaintiff Ching Ping Cheung*

**CERTIFICATE OF SERVICE**

I, Attison L. Barnes, III, hereby certify that on March 17, 2017, I electronically filed the foregoing by using the CM/ECF system. I also sent a copy to the registrant of the domain name at the postal and email address provided by the registrant to the registrar of the 6213.com domain name:

    lin jiang nan
    Xinglin, xia men shi fu jian 361000 CN
    13288666777@163.com

    /s/ Attison L. Barnes, III /s/
    Attison L. Barnes, III, Esq.
    WILEY REIN LLP
    1776 K Street, NW
    Washington, DC 20006
    Tel: (202) 719-7000
    Fax: (202) 719-7049
    abarnes@wileyrein.com

    *Counsel for Plaintiff Ching Ping Cheung*