## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
### Alexandria Division

CHING PING CHEUNG,

    Plaintiff,

v.

6213.COM, an Internet domain name, and
JOHN DOE,

    Defendants.

Civil Action No. 17-cv-00258-CMH-IDD

## MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S MOTION FOR ENTRY OF DEFAULT JUDGMENT

Pursuant to Federal Rule of Civil Procedure 55(b)(2), Plaintiff Ching Ping Cheung ("Plaintiff" or "Mr. Cheung") by counsel, submits this Memorandum in Support of His Motion for Default Judgment: (i) entering Judgment against Defendant 6213.com on Count I of Plaintiff's Verified Complaint; (ii) dismissing Counts II, III, IV, and V of Plaintiff's Verified Complaint without prejudice; and (iii) transferring the Internet domain name 6213.com to Plaintiff, and in support thereof states as follows:

## I.    INTRODUCTION

Mr. Cheung has filed a Motion with this Court under Federal Rule of Civil Procedure 55(b)(2) for a default judgment returning to it control of the Internet domain name 6213.com after John Doe secretly, and without authority, accessed Mr. Cheung's domain name management account to improperly take control of the domain name. Although Mr. Cheung seeks judgment only on his claim for cybersquatting against Defendant 6213.com at this time, he reserves the right to pursue his other claims should the Court not grant the instant motion.

John Doe's registration and use of the 6213.com domain name violates the Federal Anti-Cybersquatting Consumer Protection Act ("ACPA"), 15 U.S.C. § 1125(d)(1). The 6213.com domain name is identical to Mr. Cheung's 6213.com mark, which was distinctive at the time that John Doe transferred the 6213.com domain name away from Mr. Cheung without authorization, and which remains distinctive today. The 6213.com domain name was registered and is now being maintained and used by a registrant that lacks any rights or other interest in the domain name. Moreover, the 6213.com domain name was registered in bad faith and/or is being used in bad faith without permission from Mr. Cheung.

By its default, the 6213.com domain name has conceded the truth of the allegations of Mr. Cheung's Verified Complaint for cybersquatting. There is no genuine issue of fact remaining in this suit, and default judgment should be entered against Defendant 6213.com providing for the transfer of the 6213.com domain name back to Mr. Cheung, its rightful owner.

## II.    FACTUAL BACKGROUND

### A.    Plaintiff Mr. Cheung And His Trademark Rights.

Mr. Cheung has been the legal owner of the 6213.com domain name using the name "admin 6213" and Mr. Cheung's mailing address and e-mail address since on or about August 2003. Verified Complaint ("Compl.") ¶ 14-15 & Ex. B (ECF No. 1). In July of 2016, Mr. Cheung paid for renewal of the 6213.com domain name for another nine years (*i.e.*, through the year 2025). *Id.* ¶ 16. Mr. Cheung used the 6213.com domain name in U.S. commerce for over thirteen years in association with email services and the paid provision of information and advertisements for goods and services. *Id.* ¶ 17. Mr. Cheung is entitled to common law trademark protection in 6213.com by virtue of his longstanding use of the mark in U.S. and international commerce. *Id.* ¶ 18.

Mr. Cheung maintains a domain name management account with GoDaddy.com, LLC ("GoDaddy"), an Arizona-based domain name registrar accredited by the Internet Corporation for Assigned Names and Numbers (ICANN). *Id.* ¶ 22. Mr. Cheung's domain name management account with GoDaddy is maintained on a protected computer and access to the account should be restricted to only those persons that possess Mr. Cheung's user name and password. *Id.* ¶ 23.

**B.**     **John Doe's Theft and Unauthorized Transfer of the 6213.com Domain Name.**

Defendant 6213.com is an Internet domain name previously registered to Mr. Cheung, but which, at the time of the filing of the Complaint, was improperly registered to an unnamed registrant. *Id.* ¶ 5 & Ex. A. Defendant John Doe is a person of unknown identity who gained unauthorized access to Mr. Cheung's protected domain name management account and, without consent or authority, transferred control of Defendant 6213.com away from Mr. Cheung. *Id.* ¶ 4.

On January 21, 2017, Mr. Cheung noticed that the website and email services associated with the 6213.com domain name had been disabled and he could no longer login to his GoDaddy account. *Id.* ¶ 25. Mr. Cheung immediately contacted GoDaddy via telephone, obtained access to his account, and noticed that the 6213.com domain name had been transferred to eName Technology Co., Ltd., a common destination registrar for stolen domain names, without his authorization. *Id.* ¶ 26. Mr. Cheung provided GoDaddy with extensive information and documentation demonstrating that the 6213.com domain name had been stolen, but GoDaddy advised Mr. Cheung that eName refused to return the domain name. *Id.* ¶ 28. Mr. Cheung contacted eName on January 25, 2017 and provided eName with information and documentation demonstrating that the 6213.com domain name had been stolen from Mr. Cheung, but eName refused to return the domain name. *Id.* ¶ 29. On January 26, 2017, Mr. Cheung filed a complaint with ICANN objecting to the unauthorized transfer of the 6213.com domain name, but ICANN

took no meaningful action to obtain the return of the Defendant Domain Name to Mr. Cheung. *Id.* ¶ 30.

A search of Mr. Cheung's administrative e-mail account reveals that Mr. Cheung never received a notification that the domain name 6213.com was being transferred. *Id.* ¶ 27. Such a domain name transfer notification email is required by ICANN. *Id.*

On information and belief, John Doe obtained unauthorized access to Mr. Cheung's domain registrar account and manipulated the computer records to obtain the transfer of the 6213.com domain name through an "account transfer" within GoDaddy or other surreptitious manner intended to avoid detection by Mr. Cheung. *Id.* ¶ 31. On information and belief, John Doe prevented Mr. Cheung from receiving electronic communications seeking approval for the transfer of the 6213.com domain name and obtained unauthorized access to such electronic communications so as to approve the transfer. *Id.* ¶ 32. When the 6213.com domain name was transferred by John Doe without authorization, the domain name registrant information was changed and the technical settings for the domain name were changed thereby disabling Mr. Cheung's ability to use and control the domain name and associated website. *Id.* ¶ 33.

The registration and use of the 6213.com domain name by John Doe is without authorization from Mr. Cheung. *Id.* ¶ 34.

**C.    The Instant Proceeding.**

Plaintiff filed this action against Defendants John Doe and Internet domain name 6213.com on March 6, 2017. *See* ECF No. 1. The Complaint seeks the transfer of the 6213.com domain name back to Mr. Cheung for violation of, *inter alia*, the ACPA.

On March 10, 2017, Mr. Cheung provided the registered owner of the 6213.com domain name with notice of the alleged violations and a copy of the Complaint. *See* Declaration of Ari Meltzer ("First Meltzer Decl.") ¶ 6 (ECF No. 6-1). The notice was sent to the postal and e-mail

addresses provided in the domain name registration record for the 6213.com domain name. *Id.* & Attach. 1.

On March 17, 2017, Mr. Cheung filed a Motion for Service By Publication. *See* ECF Nos. 2-4. On March 30, 2017, the Court granted Mr. Cheung's Motion and ordered Mr. Cheung to publish the Order providing notice to the Defendants in *The Washington Post* or *The Washington Time* once within fourteen (14) days after the entry of the Order. *See* ECF No. 5. The Order further directed Mr. Cheung to file a declaration within twenty (20) days after the entry of the Order describing the steps that Mr. Cheung had taken to comply with the Order. *Id.*

Mr. Cheung caused the Order of Service By Publication to be published in *The Washington Times* on March 30, 2017. *See* Declaration of Ari Meltzer (ECF No. 6). Mr. Cheung filed his declaration describing compliance with the Order on April 10, 2017. *Id.*

On May 9, 2017, the Clerk entered a default against the 6213.com domain name. *See* ECF No. 8.

## III.   <u>ARGUMENT</u>

### A.   <u>This Court Has Jurisdiction to Enter Default Judgment Against John Doe and the 6213.com Domain Name.</u>

The Court has jurisdiction to grant Mr. Cheung's motion and enter default judgment against the 6213.com domain name because the Court has subject matter jurisdiction over this action as well as *in rem* jurisdiction over the 6213.com domain name. The Court has subject matter jurisdiction over this action under 15 U.S.C. § 1121(a) (all federal trademark actions), 28 U.S.C. §§ 1331 (federal question jurisdiction) and 1338(a) (any act of Congress relating to patents, copyrights, and trademarks). *See* Compl. ¶ 7.

This Court has *in rem* jurisdiction over the 6213.com domain name pursuant to 15 U.S.C. § 1125(d)(2)(A)(ii) because Mr. Cheung, through due diligence, was unable to find a person who

would have been a defendant in a civil action under 15 U.S.C. § 1125(d)(1)(A) by sending notice

of the alleged violation and intent to proceed and publishing notice of the action as directed by

the Court. *See id*. ¶¶ 8, 43. *In rem* jurisdiction and venue are proper in this district: (1) pursuant

to 15 U.S.C. § 1125(d)(2)(C) and 28 U.S.C. § 1391(b)(1) because the top-level domain registry

operator for .COM domain names, VeriSign, Inc., is situated in this judicial district, and the

Defendant Internet domain name 6213.com is a .COM domain name; and (2) pursuant to 28

U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to the claims occurred in

this district. *See id*. ¶ 11.

       **B.**        **The Clerk Appropriately Entered Defaults as to Defendant 6213.com.**

The Clerk of this Court enters a default "[w]hen a party against whom a judgment for

affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by

affidavit or otherwise." Fed. R. Civ. P. 55(a). The Clerk's entry of default against the 6213.com

domain name was required here because, as the docket reflects, the time for filing a responsive

pleading had passed.

On March 17, 2017, Mr. Cheung filed a Motion for Service By Publication. *See* ECF

Nos. 2-4. On March 30, 2017, the Court granted Mr. Cheung's Motion and ordered Mr. Cheung

to publish the Order providing notice to the Defendants in *The Washington Post* or *The

Washington Time* once within fourteen (14) days after the entry of the Order. *See* ECF No. 5. Mr.

Cheung caused the Order of Service By Publication to be published in *The Washington Times* on

March 30, 2017. *See* Declaration of Ari Meltzer (ECF No. 6). Mr. Cheung filed his declaration

describing compliance with the Order on April 10, 2017. *Id.*

These facts, supported by the uncontroverted declarations filed in this action, clearly

demonstrate that the Defendant Internet domain name 6213.com (and anyone acting on its

behalf) had both constructive and actual notice of this suit yet failed to enter an appearance or

otherwise defend this action. Therefore, the Clerk appropriately entered default as to Defendant 6213.com pursuant to Rule 55(a) of the Federal Rules of Civil Procedure.

C.     **Plaintiff is Entitled to a Default Judgment Against Defendant 6213.com.**

By failing to appear or otherwise defend against the Complaint, Defendant 6213.com is deemed to have admitted every allegation therein, and the Court must only determine whether the Complaint properly states a claim for relief. *See GlobalSantaFe Corp. v. Globalsantafe.com*, 250 F. Supp. 2d 610, 612 n.3 (E.D. Va. 2003). This Court should conclude that Defendant 6213.com has admitted the well-pled allegations set forth in Plaintiff's Complaint that establish Plaintiff's entitlement to a transfer of the 6213.com domain name. *See Agri-Supply Company, Inc. v. Agrisupply.com*, 457 F. Supp. 2d 660, 664 (E.D. Va. 2006).

The ACPA provides that a person is liable to a trademark owner if that person has a bad faith intent to profit from the trademark owner's mark and the person registers, traffics in, or uses a domain name that is identical or confusingly similar to or dilutive of that mark. 15 U.S.C. § 1125(D)(1)(a); *see also Central Source LLC v. annualdcreditreport.com*, No. 14-CV-304, 2014 WL 371162 (E.D. Va. Aug. 1, 2014) at * 6 (citing *People for the Ethical Treatment of Animals v. Doughnet*, 263 F.3d 359, 367 (4th Cir. 2001)); *Agri-Supply Co.*, 457 F. Supp. 2d at 662-63. The Complaint pleads both that the 6213.com domain name is identical to Mr. Cheung's distinctive 6213.com mark and that the registration of the 6213.com domain name was in bad faith. *See* Compl. ¶ 42.

a.     The 6213.com Mark.

The 6213.com mark is now distinctive and was distinctive at the time that John Doe transferred the 6213.com domain name away from Mr. Cheung without authorization and thereby registered the Defendant domain name. 15 U.S.C. §§ 1125(d)(1)(B)(i)(IX). Mr. Cheung used the 6213.com domain name in U.S. commerce for over thirteen years in association with

email services and the paid provision of information and advertisements for goods and services until Defendant John Doe changed the settings for the Defendant Domain Name and thereby disabled Mr. Cheung's website. *Id.* ¶¶ 17. Mr. Cheung used the 6213.com domain name in U.S. and international commerce in association with email and paid advertising and information services. *Id.* ¶ 18.

Mr. Cheung continuously and exclusively used the 6213.com domain name in U.S. commerce in association with the provision of products and services to Internet consumers and thus is entitled to common law trademark rights in the Domain Names. "At common law, trademark ownership is acquired by actual use of the mark in a given market." *Emergency One, Inc. v. Am. Fire Eagle Engine Co.*, 332 F.3d 264, 267 (4th Cir. 2003). The use of a trademark in a domain name is sufficient to create common law trademark rights if the trademark "is used to identify the source of goods and services." *See Tober v. APROV.COM*, No. 1:07-CV-1252 LMB/TCB, 2008 WL 4364221, at *2 (E.D. Va. Sept. 23, 2008). Here, Mr. Cheung used the 6213.com domain name in association with email services and the paid provision of information and advertisements for goods and services. Compl. ¶ 17. This Court has found that continuous use of a domain name in the promotion of a business, including for e-mail and information services, is sufficient to establish common law rights in a trademark. *See Intercontinental Data Comms. Ltd. v. Doe*, No. 16-cv-613 LMB/JFA, 2016 WL 8674624 at *1 (E.D. Va. July 15, 2016); Acme *Billing Co. v. Doe*, No. 14-cv-1379 LO at *4 (E.D. Va. May 18, 2015); *Lee v. Kremnev*, No. 1:14-CV-418 JCC/TRJ, 2014 WL 7345986, at *7 (E.D. Va. Dec. 2, 2014); *Seitzman v. Lead Networks Domains Pvt., Ltd.*, 1:09-CV-01141 CMH/IDD, 2010 WL 4481776, at *6-7 (E.D. Va. Sept. 24, 2010). Accordingly, Mr. Cheung is entitled to common law trademark rights in the 6213.com domain name.

b.     <u>The Domain Name is Identical to Mr. Cheung's 6213.com Mark.</u>

The 6213.com domain name is confusingly similar to Mr. Cheung's 6213.com mark pursuant to 15 U.S.C. §§ 1125(d)(1)(A)(ii)(I). Under the ACPA, courts look to the facial similarity of the domains to the marks to determine confusing similarity. *Coca-Cola Co. v. Purdy*, 382 F.3d 774, 783 (8th Cir. 2004) ("It is the challenged domain name and the plaintiff's mark which are to be compared."). The confusing similarity standard is satisfied when a domain name is identical to the plaintiff's mark. *See Agri-Supply Co. v. Agrisupply.com*, 457 F. Supp. 2d 660, 663 (E.D. Va. 2006).

Here, John Doe transferred control of the 6213.com domain name away from Mr. Cheung without authorization, so the 6213.com domain name is identical to Mr. Cheung's trademark. *See* Compl. ¶¶ 39, 42. Thus, it is clear that the 6213.com domain name is confusingly similar to Mr. Cheung's trademark, because it is identical to Mr. Cheung's trademark. Further, it is clear that the registrant possesses a bad-faith intent to profit from the similarity of the 6213.com domain name to Mr. Cheung's trademark, as discussed below.

c.     <u>John Doe's Bad Faith</u>

The ACPA lists several non-determinative factors that a court may consider when determining bad faith, including a defendant's intellectual property rights in the domain name; the extent to which the name consists of the defendant's legal name; a defendant's bona fide noncommercial or fair use of the mark in a site accessible under the domain name; a defendant's intent to divert consumers from the mark owner's website in such a way that could harm the goodwill of the mark; and a defendant's provision of misleading or false contact information when applying for registration of the domain name. 15 U.S.C. §§ 1125(d)(1)(B)(i)(I), (II), (IV), (V), (VII). "The factors are given to courts as a guide" and need not be exhaustively considered in every case. *Lamparello v. Falwell*, 420 F.3d 309, 319-20 (4th Cir. 2005).

Here, the facts support a finding of bad faith by John Doe. John Doe has no intellectual property rights in the 6213.com domain name, which is identical to Mr. Cheung's 6213.com mark. *See* Compl. ¶ 35; 15 U.S.C. §§ 1125(d)(1)(B)(i)(I). Given Mr. Cheung's history as the registrant of the 6213.com domain name and the operator of the associated services, and the nature of the domain name, the 6213.com domain name does not appear to reflect the legal name of John Doe. Compl. ¶ 36; 15 U.S.C. § 1125(d)(1)(B)(i)(II). On March 10, 2017, Mr. Cheung provided the registered owner of the 6213.com domain name with notice of the alleged violations and a copy of the Complaint. *See* First Meltzer Decl. ¶ 6. The notice was sent to the postal and e-mail addresses provided in the domain name registration records for the 6213.com domain name. *Id.* & Attach. 1. Nevertheless, no one has filed a response to the Complaint on behalf of the 6213.com domain name. *See* Declaration of David E. Weslow ¶ 6 (ECF No. 7-1).

John Doe has not engaged in bona fide noncommercial or fair use of the 6213.com mark in a site accessible under the 6213.com domain name. Compl. ¶ 37; 15 U.S.C. § 1125(d)(1)(B)(i)(IV).

Finally, John Doe also supplied false contact information when registering the 6213.com domain name, thus further demonstrating a bad faith intent to profit from Plaintiff's 6213.com mark. Compl. ¶ 38; 15 U.S.C. §§ 1125(d)(1)(B)(i)(VII); *see Int'l Bancorp, L.L.C. v. Societe Des Baines De Mer Et Du Cercle Des Estrangers A Monaco*, 192 F. Supp. 2d 467, 486-87 (E.D. Va. 2002) (finding that use of aliases "creates an atmosphere of deception" that supports finding of bad faith); *Montblanc-Simplo GmbH v. AChatStyloMontblanc.com*, No. 1:13-CV-1013, 2014 WL 107395, at *5 (E.D. Va. Jan. 3, 2014) (finding bad faith where true identity and correct service address have not been provided).

This court recently found bad faith under the ACPA in other domain name theft cases. *Muscle Mass, Inc. v. Doe*, No. 1:17-cv-33 LO-TCB (Dkt. No. 22) (E.D. Va. Apr. 25, 2017); *Keefe v. Doe*, No. 1:17-cv-56 LO-JFA (Dkt. No. 20) (E.D. Va. Apr. 18, 2017); *Lee*, 2014 WL 7345986 at *9; *Acme Billing Co.*, 2015 WL 2401429 at *4. In *Lee*, the plaintiff's domain name account was compromised, and his domain name was stolen. The court held that plaintiff had sufficiently alleged bad faith under the ACPA on the part of the registrant because the registrant had "fail[ed] to correct the fraudulent transfer," the "Registrant lacked any right or legitimate interest in plaintiff's mark or domain name at the time of transfer," and the "Registrant's transfer of the domain name ha[d] prevented plaintiff from using and exercising control over his mark." *Id*. at 8-9. Similarly, here, John Doe lacked any legitimate right or interest in the 6213.com domain name when it transferred the 6213.com domain name from Mr. Cheung, it has failed to correct the fraudulent transfer, and it has prevented Mr. Cheung from exercising control over the domain name.

For all of these reasons, the pleaded facts support a finding of bad-faith registration of the 6213.com domain name.

### D. The 6213.com Domain Name Should Be Transferred to Mr. Cheung.

The ACPA provides that the remedy for an *in rem* proceeding is either the forfeiture or cancellation of the domain names or the transfer of the domain name(s) to the owner of the mark. 15 U.S.C. § 1125(d)(2)(D)(i). The domain name registry for Defendant 6213.com domain name is maintained by VeriSign, which is located within this judicial district and thus subject to the Court's jurisdiction. Accordingly, the Court may properly enter a default judgment and order the .com domain name registry and any relevant domain name registrar to transfer ownership of the 6213.com domain name to Plaintiff. *See, e.g.*, *Acme Billing Co.*, 2015 WL 2401429 at *5;

*Central Source LLC*, 2014 WL 371162, at *8; *America Online, Inc. v. AOL.org*, 259 F. Supp. 2d 449, 453-55 (E.D. Va. 2003).

## IV.    **CONCLUSION**

For the foregoing reasons, Mr. Cheung respectfully requests that the Court grant this Motion for Default Judgment and order that VeriSign, Inc., the operator of the .COM registry, change the registrar of record for the 6213.com domain name to Plaintiff's registrar of choice, GoDaddy, and further order that GoDaddy take the necessary steps to have plaintiff Mr. Cheung listed as the registrant for the 6213.com domain name.


Dated: May 11, 2017          By:        /s/ Attison L. Barnes, III /s/
                                      Attison L. Barnes, III (VA Bar No. 30458)
                                      David E. Weslow (*for pro hac admission*)
                                      WILEY REIN LLP
                                      1776 K St. NW
                                      Washington, DC 20006
                                      (202) 719-7000 (phone)
                                      (202) 719-7049 (fax)
                                      abarnes@wileyrein.com
                                      dweslow@wileyrein.com

                                      *Counsel for Plaintiff Ching Ping Cheung*

## CERTIFICATE OF SERVICE

I, Attison L. Barnes, III, hereby certify that on May 11, 2017, I electronically filed the foregoing by using the CM/ECF system. I also sent a copy to the registrant of the domain name at the postal and email address provided by the registrant to the registrar of the 6213.com domain name:

lin jiang nan
Xinglin, xia men shi fu jian 361000 CN
13288666777@163.com

/s/ Attison L. Barnes, III /s/
Attison L. Barnes, III, Esq.
WILEY REIN LLP
1776 K Street, NW
Washington, DC 20006
Tel: (202) 719-7000
Fax: (202) 719-7049
abarnes@wileyrein.com

*Counsel for Plaintiff Ching Ping Cheung*